IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **VICTORIA BRUNSON,** | ) |
| | ) Case No. 1:24-cv-177 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **USAA FEDERAL SAVINGS BANK,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, VICTORIA BRUNSON, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, USAA FEDERAL SAVINGS BANK, Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. VICTORIA BRUNSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Denver, County of Denver, State of Colorado.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiff had an asset account in her name with Defendant (hereinafter, "Plaintiff's USAA Account").

7. At all relevant times, Plaintiff's USAA Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, Plaintiff's USAA Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. USAA FEDERAL SAVINGS BANK, (hereinafter, "Defendant") is a business entity that conducts business within the State of Colorado. Defendant is incorporated in the State of Colorado.

10. At all relevant times, Defendant was a bank that held Plaintiff's USAA Account.

11. Plaintiff's mother, Laura Brunson, was a co-holder of the account, however, all of the funds deposited into the account, and that were in the account at the time of the facts alleged below were from Plaintiff only.

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

13. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

14. At all relevant times, unknown third parties received funds from Plaintiff's USAA Account, which were transferred to the unknown third parties via an electronic terminal, telephonic instruction or computer or magnetic tape after the unknown third parties instructed Defendant to transfer funds to the unknown third parties from Plaintiff's USAA Account.

### IV.  ALLEGATIONS

15. On or about November 17, 2023, $532.00 was credited to Plaintiff's USAA Account by an unknown third party without Plaintiff's knowledge or authorization.

16. On or about November 17, 2023, $5,000.00 was credited to Plaintiff's USAA Account by an unknown third party without Plaintiff's knowledge or authorization.

17. On or about November 17, 2023, $3,218.00 was debited from Plaintiff's USAA Account by an unknown third party, who transferred the funds to an account owned by Plaintiff's mother, and then transferred those funds out of the account owned by Plaintiff's mother to an unknown external account.

18. On or about November 17, 2023, $6,782.00 was debited from Plaintiff's USAA Account by an unknown third party and transferred to an external account.

19. On or about November 17, 2023, $5,000.00 was debited from Plaintiff's USAA Account by an unknown third party and transferred to an external account.

20. Prior to November 17, 2023, Plaintiff was not aware of the circumstances relating to the credits and debits of funds to and from Plaintiff's USAA Account on November 17, 2023, by unknown third parties.

21. Neither Plaintiff nor her mother provided any person or entity with consent to deposit or debit funds from Plaintiff's USAA Account on November 17, 2023.

22. Neither Plaintiff nor her mother provided Defendant with consent to allow any person or entity to deposit or debit funds from Plaintiff's USAA Account on November 17, 2023.

23. On November 18, 2023, Plaintiff provided Defendant with oral notice that she disputed the transactions that occurred on November 17, 2023, by the unknown third parties relative to Plaintiff's USAA Account.

24. On November 18, 2023, Plaintiff provided Defendant with information to allow Defendant to identity Plaintiff's USAA Account, such as:

    a. Plaintiff's USAA Account number;

      b.      Plaintiff's personal identifying information;

      c.      The name under which Plaintiff's USAA Account was registered;

      d.      The date of the transaction which Plaintiff disputed relative to Plaintiff's USAA Account;

      e.      The amount of the transaction which Plaintiff disputed relative to Plaintiff's USAA Account; and,

25. On November 18, 2023, Plaintiff provided Defendant with notice that an error was contained on the aforesaid account relative to the credits and debits of funds by unknown third parties relative to Plaintiff's USAA Account on November 17, 2023.

26. On November 18, 2023, Plaintiff provided Defendant with notice that the credits and debits of funds by unknown third parties relative to Plaintiff's USAA Account on November 17, 2023, were unauthorized electronic transfers of funds in Plaintiff's USAA Account by unknown third parties and transfers of funds out of Plaintiff's USAA Account to unknown third parties.

27. On November 18, 2023, Plaintiff informed Defendant that she did not provide any person or entity with consent to deposit or debit funds from Plaintiff's USAA Account on November 17, 2023.

28. On November 18, 2023, Plaintiff provided Defendant with oral and/or written notice of the circumstances as to why Plaintiff believed the debit of funds by unknown third parties on November 17, 2023, was carried out in error, including but not limited to:

      a.      Plaintiff never authorized the debit of funds from Plaintiff's USAA Account;

      b.      Plaintiff never provided unknown third parties with permission, consent or authority to debit funds from Plaintiff's USAA Account;

      c.      Plaintiff did not participate in any transaction allowing $5,532 to be deposited into her account electronically;

   d. Budget Blinds of Williamsburg, one of the sources of the transfers, was a business formerly owned by Plaintiff's father, but sold away in March of 2014 and thus Plaintiff and her family had no connection with said entity; and

   e. Said transactions were wholly inconsistent with any previous account activity.

  29. To date, Defendant failed conducted any investigation relative to the error complained of by Plaintiff within ten (10) days of the receipt of Plaintiff's dispute in violation of 15 U.S.C. §1693f(a).

  30. On November 29, 2023, Defendant provided a response to Plaintiff's dispute stating that based upon multiple USAA system security records, there was no fraudulent activity.

  31. In Defendant's response to Plaintiff's dispute over the unauthorized transfers from her account, Defendant advised Plaintiff that she may request reproduction of all of the documents which the Defendant utilized in coming to its conclusion that an error did not occur.

  32. On or about November 29, 2023, Plaintiff did request reproduction of all the documents which the Defendant utilized in coming to its conclusion that an error did not occur.

  33. To date, Defendant has not provided any documentation or information which the Defendant utilized in coming to its conclusion that an error did not occur leaving Plaintiffs without the knowledge and information and the ability to get the information that explained why the transactions Plaintiff claimed were not authorized, were ostensibly authorized, in violation of 15 U.S.C. §1693f(d).

  34. On or about December 27, 2023, Defendant debited $5,000 from Plaintiff's USAA Account purportedly relating to the initial, unauthorized $5,000 credit on November 17, 2023, thus removing more funds from Plaintiff's USAA Account and causing further damage.

35. Defendant's investigation was not made in good faith and Defendant did not have a reasonable basis for denying the return of Plaintiff's funds in violation of 15 U.S.C. §1693f(e)(1).

36. Defendant knowingly and willfully concluded that Plaintiffs account was not in error when such a conclusion could not have been reasonably drawn from the evidence available to Defendant at the time of its investigation in violation of 15 U.S.C. §1693f(e)(2).

37. Defendant violated the Electronic Funds Transfers Act by holding Plaintiff liable for more than $50 on the aforementioned unauthorized transfers and has failed to refund the money into her account in violation of 15 U.S.C. §1693g(a).

38. Presently, Plaintiff remains without the $14,468.00 debited by unknown third parties from Plaintiff's USAA Account.

39. Plaintiff is neither legally responsible nor obligated to pay the $14,468.00 debited by unknown third parties from Plaintiff's USAA Account.

40. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, VICTORIA BRUNSON, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c. Plaintiff's attorneys' fees and costs; and,

    d. Any other relief deemed appropriate by this Honorable Court.

### V. JURY DEMAND

41. Plaintiff hereby demands a trial by jury on all issues so triable.

                                                              Respectfully submitted,
                                                              **VICTORIA BRUNSON**

                                                    By: <u>   s/ David M. Marco   </u>
                                                                  Attorney for Plaintiff

<u>Dated: January 22, 2024</u>

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
5250 Old Orchard Rd, Suite 300
Skokie, IL 60077
**Telephone**:   (312) 546-6539
**Facsimile**:    (888) 418-1277
**E-Mail**:       dmarco@smithmarco.com